

**KAUFMAN DOLOWICH VOLUCK & GONZO LLP**

ATTORNEYS AT LAW

135 CROSSWAYS PARK DRIVE, SUITE 201
WOODBURY, NEW YORK 11797
PHONE: 516.681.1100
FAX: 516.681.1101
WWW.KDVGLAW.COM

October 13, 2011

**VIA ECF/COURTESY COPY VIA REGULAR MAIL**
The Honorable Sandra L. Townes
United States District Court - EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

                 *Re:*    ***Cole v. Steven J. Baum, P.C.***
                       ***Case Number: 11 CV 3779 (SLT) (SMG)***

Dear Judge Townes:

      We represent the defendant, Steven J. Baum, P.C. ("Defendant"), in the above-referenced matter. We write this letter to respectfully request a stay of discovery until the Court hears our motion under Fed. R. Civ. 12(b)(6) to dismiss this Fair Debt Collection Practices Act (the "FDCPA") and NY GBL §349 Complaint, which was filed with the Court on September 26, 2011.

      As outlined in our pre-motion letter, our motion to dismiss is based upon a threshold issue of law to be decided by the Court. The claims in the Complaint are subject to dismissal because Plaintiffs cannot demonstrate that Defendant used unfair or unconscionable means to collect a debt. Plaintiffs claim that Defendant violated 22 NYCRR §202.12-a by not filing the Specialized RJI at the same time that it filed proof of service in the underlying foreclosure actions, and Plaintiffs' claims are based on a faulty, self-serving interpretation of the interplay of New York State Court rules governing foreclosure actions, which were clearly implemented to slow down the foreclosure process, rather than expedite it as Plaintiffs claim in this action. In their response to the pre-motion letter, Plaintiffs have merely rehashed the allegations in their complaint into letter form, without providing any legal support whatsoever to support their theories or interpretations of the rules.

      Since this case is fee-shifting case filed under the FDCPA, we believe that a stay of discovery is warranted until a decision is made by the Court with respect to the motion to dismiss. It will be for the Court, in the first instance, to determine whether Plaintiffs' have stated a cause of action for violation of the FDCPA and NY GBL §349. If the Court determines that Plaintiffs have failed to state a claim, it would clearly be a waste of the parties and judicial resources to expend time and money on discovery on claims that do not exist. Moreover, as Plaintiffs are apparently in debt and their homes in foreclosure, if

Honorable Sandra L. Townes
October 13, 2011
Page 2

Defendant does obtain dismissal, it will in all likelihood be unable to recover any of the substantial fees it will incur if discovery is allowed to proceed.

Although we requested that Plaintiffs consent to the stay, they have objected on the ground that they believe discovery should move forward because there are no automatic stays in federal court. By objecting to the stay, it is evident that Plaintiffs want to proceed with discovery solely to harass Defendant. The discovery process will be largely one-sided by way of Plaintiffs requesting numerous documents and information from our client.[1] In addition, since our client is a law firm, it is anticipated that there will be substantial issues concerning requests for privileged information, such as documents protected by the attorney-client and/or attorney work product privileges.

In sum, Plaintiffs cannot articulate any good faith basis for objecting to the stay because no prejudice would result to them if the stay is granted. If the Court ultimately decides that Plaintiffs have stated claims under the FDCPA and/or NY GBL §349, then they will still be entitled to discover the same information from Defendant. Discovery will not alter whether Plaintiffs have stated a claim since the issues involved are based on the legal interpretation of the rules, which are for the Court to determine. Accordingly, Defendant respectfully requests that the Court grant a stay of discovery until a determination is issued by the Court on the motion to dismiss.

Thank you for your time and courtesies.

Respectfully Submitted,

Brett A. Scher

cc: All counsel (via ECF)

4815-0728-1164, v. 1

---

[1] Plaintiffs have already indicated in our Rule 26(f) conference that they intend to ask fifty (50) interrogatories if discovery proceeds.

2