

**MFY LEGAL SERVICES**

INCORPORATED

299 Broadway
New York, NY 10007
Phone: 212-417-3700
Fax: 212-417-3891
www.mfy.org

Thomas E. Dunn
*Board Chair*

Jeanette Zelhof
*Executive Director*

Elise Brown
*Deputy Director*

Carolyn Coffey
Ramonita Cordero
Sara J. Fulton
Kenneth Lau
Christopher Schwartz
*Supervising Attorneys*

October 14, 2011

<u>**VIA ECF/ COURTESY COPY VIA REGULAR MAIL**</u>

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    **Re:**  <u>**Cole et al., v. Steven J. Baum, P.C.**</u>
       <u>**Case No.: 11 CV 3779 (SLT) (SMG)**</u>

Dear Judge Townes:

  We represent Plaintiffs Imogene Cole and Georgia Brown in the referenced action and write in opposition to Defendant's motion to stay discovery. We oppose the Defendant's request to stay discovery for several reasons:

  First and foremost, Defendant Baum already filed a motion with the Court to delay the discovery process on October 11, 2011, two days ago, when it requested an adjournment of the initial discovery conference scheduled for October 18, 2011 pending Your Honor's decision on the Defendant's pre-motion letter requesting permission to file a motion to dismiss. Chief Magistrate Gold denied Defendant Baum's attempt to stall the discovery process within hours of Defendant's filing of the initial motion with the Court. Defendant's present motion is no more than a second bite of the apple after its motion was denied swiftly by the Court. Defendant's motion to delay the discovery process should be denied on this basis alone.

  In addition, Plaintiffs and members of the Class are financially distressed homeowners that cannot afford to delay this action any further than Defendant has already delayed it. Plaintiffs and Class members need relief as soon as possible and seek to end Baum's conduct of violating state law by depriving homeowners of their right to the mandatory settlement conference process to resolve the alleged delinquencies on their mortgage loans during the midst of the national mortgage foreclosure crisis. Each delay caused by the Defendant will result in Plaintiffs being charged additional fees, costs, and other delinquency-related charges to their loan accounts, as well as delinquent interest accruals. Plaintiffs simply cannot afford to wait any longer to move forward with the discovery process. Defendant's attempt to cast itself as an agent of "slow[ing] down the foreclosure

process" is disingenuous. The gravamen of the lawsuit is that defendant rushed to file foreclosure proceedings but then delayed prosecuting them as New York law requires when it was strategically advantageous to itself – and highly prejudicial to homeowners – to do so.

Plaintiffs also oppose Baum's motion because Plaintiffs have already agreed to a healthy extension for Defendant to respond to the complaint -- only to be met with additional requests to delay this action further. From the inception of this action, Defendant has repeatedly requested extensions of time, adjournments of discovery conferences, and now seeks an indefinite stay of the entire discovery process a mere two days after Chief Magistrate Gold denied Defendant's motion to adjourn the initial conference.

Finally, there is no automatic stay of discovery in federal court under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* or consumer fraud class action lawsuits, as noted by Defendant in its letter.

Thank you for your time and consideration.

        Respectfully Submitted,

        /s/

        Adam H. Cohen
        *Senior Staff Attorney*